1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC WEST CONTROLS, INC.,     ) | 1:11cv0549 LJO DLB |
| ) | |
| ) | |
| ) | |
| ) | FINDINGS AND RECOMMENDATION |
| Plaintiff,     ) | REGARDING DISMISSAL OF ACTION |
| ) | |
| vs.     ) | |
| ) | |
| MARSHALL/DUBAS     ) | |
| CONSTRUCTION, INC., et al.,     ) | |
| ) | |
| Defendants.     ) | |
| _____) | |

On April 1, 2011, Plaintiff filed the present action.

On October 31, 2011, the Court issued an Order to Show Cause why the action should not be dismissed for Plaintiff's failure to timely serve Defendants pursuant to Federal Rule of Civil Procedure 4(m). The Court ordered Plaintiff to file a written response within twenty (20) days of service of the order. Over twenty (20) days have passed and Plaintiff has not filed a response or otherwise communicated with the Court.[1]

For the following reasons, the Court recommends that this action be dismissed for Plaintiff's failure to follow the Court's order.

---

[1] The Order to Show Cause was served on Plaintiff's counsel by notice of electronic filing on October 31, 2011.

**DISCUSSION**

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since April 1, 2011, and Plaintiff has not served the Complaint.  Plaintiff was also afforded an opportunity to explain the delay yet failed to do so.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d

522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their

merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a

court's warning to a party that his failure to obey the court's order will result in dismissal satisfies

the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33;

Henderson, 779 F.2d at 1424.  The Court's October 31, 2011, Order to Show Cause expressly stated:

"Failure to comply with this Order will result in a recommendation that this action be dismissed."

Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the

Court's order.

## **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for

failure to follow a Court order.

These Findings and Recommendations will be submitted to the Honorable Lawrence J.

O'Neill, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being

served with this Findings and Recommendation, Plaintiff may file written objections with the Court.

The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendation."  Plaintiff is advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:   November 29, 2011          _____/s/ Dennis L. Beck_____**
                                             UNITED STATES MAGISTRATE JUDGE